# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2463

———————

United States of America,      *

     *

         Appellee,      *    Appeal from the United States

     *    District Court for the

     v.      *    Eastern District of Missouri.

     *

Kevin Russell Jakoubek,      *

     *

         Appellant.      *

———————

Submitted: March 16, 2005
Filed: June 20, 2005

———————

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

———————

BOWMAN, Circuit Judge.

    Kevin Russell Jakoubek was convicted on one count of using a facility in interstate commerce with the intent that a murder be committed as consideration for a promise to pay anything of pecuniary value. See 18 U.S.C. § 1958(a) (2000). Jakoubek claims the District Court[1] violated his right to confrontation by prohibiting his counsel from cross-examining the government's key witness and the government's investigator regarding an arrest warrant on pending state charges against the witness. Jakoubek also claims the District Court erred by sentencing him pursuant to

———————

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

sentencing guidelines that he argues are unconstitutional in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004).[2] We affirm the District Court in all respects.

Jakoubek first claims the District Court erred by not allowing his counsel to inquire into an arrest warrant for charges pending in state court against the government's key witness, Jack Woolbright, in an attempt to show that Woolbright altered his testimony in exchange for assistance from the government on the charges and warrant. Where a defendant claims a violation of the Confrontation Clause resulting from a district court's limitation on cross-examination, we will not reverse the ruling absent a clear abuse of discretion and a showing of prejudice. United States v. Ortega, 150 F.3d 937, 941 (8th Cir. 1998), cert. denied, 525 U.S. 1087 (1999). A witness's motivation for testifying should be revealed to the jury so the jury can assess its impact on the witness's credibility. Id.; Davis v. Alaska, 415 U.S. 308, 316 (1974). But a district court has wide latitude to impose reasonable limits on the cross-examination of a witness regarding his motivation to testify. Ortega, 150 F.3d at 941. Moreover, the fact that a witness may receive a reduced sentence in exchange for his testimony does not categorically make the testimony infirm. United States v. Baker, 367 F.3d 790, 798 (8th Cir. 2004). And where the jury has been informed of a witness's cooperation with the government, the witness's extensive criminal history, and the potential for the witness to receive a reduced sentence, the jury is free to give whatever weight they choose to his testimony. United States v. Martinez, 958 F.2d 217, 218 (8th Cir. 1992).

Here, the District Court allowed Jakoubek's counsel to question thoroughly both Woolbright and the FBI case agent, Special Agent Jeff Brown, regarding Woolbright's expectation of reward for cooperating with the government. Brown

---

[2]Jakoubek's appellate brief was filed prior to the Supreme Court's issuance of its decision in United States v. Booker, 125 S. Ct. 738 (2005).

testified that he paid Woolbright $500.00 for assisting in the investigation and that he would probably pay Woolbright for testifying, but that the payment would not be contingent upon a conviction of Jakoubek. Both Woolbright and Brown repeatedly stated that Woolbright was not promised anything in return for his testimony, and Woolbright stated he did not expect to be paid or receive anything in return. Further, the federal prosecutor in charge of the case informed the District Court that the government had no ability to make promises or representations regarding any state cases against Woolbright. Thus, there was no indication that Woolbright would or could receive assistance from the government regarding his warrant on pending state charges, let alone that he altered his testimony or sought to "entrap" Jakoubek in exchange for such assistance. Br. of Appellant at 13.

In addition, the jury heard ample evidence of Woolbright's criminal history. Woolbright testified that he had thirteen prior felony convictions, including those for burglary, tampering, and auto theft; that he had gone to prison for a total of about ten years; and that he had committed crimes while working as a government informant. Woolbright further testified that Jakoubek had paid him on prior occasions to steal equipment and to burn a car and a house. Woolbright even passed on an opportunity to deny that he had ever "killed anyone," stating instead that he had never "bragged about it." Trial Tr. vol. II at 76. Notwithstanding this and other unsavory evidence regarding Woolbright, the jury apparently credited his testimony by convicting Jakoubek. There is no indication that a more probing inquiry into Woolbright's pending charges and warrant would have cast additional doubt on his credibility. Thus, the District Court did not abuse its discretion by limiting the cross-examination of Woolbright regarding his warrant on pending state charges, nor was it an abuse of discretion to prevent the cross-examination of Brown about the same.

We next address Jakoubek's constitutional challenge to his sentence under Blakely. Jakoubek was sentenced to a term of 120 months in prison pursuant to § 5G1.1 of the guidelines. See U.S. Sentencing Guidelines Manual § 5G1.1 (2004).

That section provides that where the minimum of the applicable guidelines range exceeds the statutory maximum for the convicted offense, the statutory maximum shall be the defendant's sentence. Id. § 5G1.1(a). Given that Jakoubek would have been sentenced to the statutory maximum for his offense based only on facts found by the jury, even without any enhancement based on judicial fact-finding,[3] no Sixth Amendment violation occurred. See Booker, 125 S. Ct. at 749. But because at the time of sentencing the District Court was bound by § 5G1.1 to sentence Jakoubek to the statutory maximum, a Booker error took place, and we must decide whether to remand the case for resentencing. Id. at 769.

Jakoubek did not raise in the District Court any objection to his sentence regarding the Sixth Amendment or the constitutionality of the guidelines, nor did he reference Apprendi or Blakely. See Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely, 124 S. Ct. 2531. We therefore review his claim for plain error. United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). In this Circuit, where a defendant was sentenced under the mandatory, pre-Booker guidelines, we will find plain error only where there is a reasonable probability, based on the appellate record as a whole, that the defendant would have received a more favorable sentence under an advisory guidelines system. Id. at 552. We must resist the temptation to play Monday morning quarterback with Jakoubek's sentence from the relative comfort of a post-Booker armchair. To obtain plain-error relief, Jakoubek bears the difficult burden of showing that the effect of the error is not "uncertain or indeterminate" or cause for the appellate court to "speculate." Id. at 553 (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005)). We find no plain error here.

There is nothing in the record to indicate beyond speculation that Jakoubek's sentence would have been more favorable under an advisory guidelines system. The

---

[3]Jakoubek's guidelines range would have exceeded the statutory maximum even without a two-level enhancement he received for obstruction of justice.

District Court made no negative reference to the mandatory nature of the pre-<u>Booker</u> guidelines at sentencing. And under an advisory guidelines system, the District Court would have been required to consider Jakoubek's applicable guidelines range, <u>see</u> <u>Booker</u>, 125 S. Ct. at 764 (quoting 18 U.S.C. § 3553(a)(4)), which exceeded the statutory maximum, and also to consider the advice proffered by § 5G1.1(a) of the guidelines. The fact that Jakoubek's intended victim was not harmed is irrelevant given that the statutory maximum would have increased had personal injury or death resulted from his offense. <u>See</u> 18 U.S.C. § 1958(a) (2000). Jakoubek therefore has failed to meet his burden to show plain error resulting from his sentencing under the pre-<u>Booker</u> guidelines system.

The judgment of the District Court is affirmed.

_____