# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1475

_____

United States of America,           *
                                      *

Appellee,      *
                                      *   Appeal from the United States
v.             *   District Court for the
                                      *   District of Nebraska.

David S. Detweiler,      *
                                      *

Appellant.     *

_____

Submitted: June 16, 2006
Filed: July 7, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

David S. Detweiler (Detweiler) appeals his conviction for conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. He claims the evidence showed mere buyer-seller arrangements or, at most, multiple conspiracies between Detweiler and other individuals, and thus the evidence was insufficient to prove one large conspiracy. Detweiler further argues, because there was no single conspiracy involving 500 grams or more of methamphetamine, the jury's drug quantity finding was unsupported by the evidence. We affirm.

## I.    BACKGROUND

At trial, the government called eight witnesses who described their drug dealings with Detweiler. Wendy Esquivel (Esquivel) testified that for about four months during 2003, she provided five to six ounces of methamphetamine per week to her then roommate, Troy Berner (Berner). Berner then sold methamphetamine from Esquivel's apartment to different customers, including Detweiler. Esquivel testified Detweiler purchased quantities ranging from one-eighth ounce to two ounces at a time, but usually one ounce, at least several times per week. Sales also occurred at Detweiler's residence. Detweiler occasionally purchased the drugs on credit, and Esquivel testified Detweiler occasionally told Berner others were waiting to purchase the drugs.

Testimony by other witnesses detailed how and to whom Detweiler sold methamphetamine. Brian Manchester (Manchester) testified Detweiler sold him one-eighth ounce to one ounce quantities sporadically during winter 2002 through fall 2003. Manchester usually paid cash, but occasionally he obtained the drugs on credit. Manchester once purchased methamphetamine from Detweiler to sell the drugs to Jason Ramsay (Ramsay). Ramsay testified Detweiler would not deal with him directly, because Ramsay previously had been arrested for possession of drugs.

Manchester also testified Detweiler sold drugs to Tryson Peak (Peak), Peak sold drugs to Manchester, and Peak owed money to Detweiler for past drug debts. Detweiler told Manchester he sent some people to collect from Peak, succeeding in collecting only some of the debt. Detweiler asked Manchester in the summer of 2002 to help him collect the remaining money.

Testimony also included details of Detweiler supplying other individuals with methamphetamine, including Darren Cink (Cink) (one-sixteenth to one-eighth ounce quantities on twenty to thirty occasions in 2002), John Chism (Chism), Richard Roberts (Roberts) (one-half gram to one-fourth ounce quantities five to six times

during the spring and summer of 2003), Ryan Johnson, Matt Spires, and Anthony Campbell.

During jury deliberations, the jury asked several questions. The jury first asked, "Can it be considered a conspiracy if an individual sells to another for personal use, or does there need to be a presumption that that methamphetamine would then be sold to another individual? What is the definition of conspiracy? Please put this definition in layman's terms." The jury also asked, "Is it a conspiracy if a sale or purchase is made?" In response, the district court[1] gave the following instructions:

> First, please reread the instructions. Second, if an individual sells methamphetamine to another person for personal use, this may or may not be evidence of a conspiracy. Third, a person does not become a member of a conspiracy to distribute methamphetamine or possess with intent to distribute methamphetamine merely because he or she purchased methamphetamine from an alleged conspirator or sold methamphetamine to an alleged conspirator.

Detweiler did not object to the district court's additional instructions.

The jury found Detweiler guilty of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. Detweiler appeals his conviction and the jury's drug quantity finding.

## II.    DISCUSSION

"We review de novo the sufficiency of the evidence, examining the evidence in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences. The verdict will not be disturbed unless no reasonable construction of the evidence will support the jury's verdict." United States v.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Wintermute, 443 F.3d 993, 1003 (8th Cir. 2006) (internal quotation and citation omitted). To convict Detweiler of conspiracy to distribute methamphetamine,

> the government had to prove beyond a reasonable doubt that (1) a conspiracy with an illegal purpose existed, (2) [Detweiler] knew about the conspiracy, and (3) he knowingly became part of the conspiracy. To prove the existence of a conspiracy, the government may provide information regarding how long [the co-conspirators] were associated with each other, their established methods of payment, whether or not their transactions were standardized, and their demonstrated level of mutual trust.

United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003) (citations omitted).

Viewing the evidence in the light most favorable to the government, we conclude there was sufficient evidence to prove Detweiler knowingly participated in a conspiracy to distribute methamphetamine. Detweiler repeatedly purchased methamphetamine from Berner, then sold methamphetamine to regular customers including Manchester, Peak, Cink, Chism, and Roberts, and made one-time sales to others. Some of those customers then sold methamphetamine to others. Notably, Detweiler occasionally acquired drugs on credit and sometimes provided drugs to others on credit. In sum, "the evidence showed an agreement to distribute methamphetamine involving the same individuals in the same locations . . . throughout the time period," United States v. Burns, 432 F.3d 856, 863-64 (8th Cir. 2005), thus demonstrating a single, large conspiracy composed of several interlocking rings in which Detweiler was a consistent member.

The jury's initial confusion about the definition of a conspiracy does not alter our conclusion. The district court accurately addressed the jury's questions, and Detweiler did not object. Having been duly instructed, the jury found Detweiler guilty. We therefore hold a reasonable jury could have concluded Detweiler

-4-

knowingly became part of a conspiracy to distribute and possess with intent to distribute 500 or more grams of methamphetamine.

Finally, the jury properly determined the conspiracy involved 500 grams or more of methamphetamine. Looking only to quantities Detweiler purchased from Berner for resale, Detweiler purchased on average one ounce of methamphetamine, several times per week, for a period of about four months. Taking the evidence in the light most favorable to the government, this definitively demonstrates the conspiracy involved 500 grams or more of methamphetamine.

## III.    CONCLUSION

For the reasons stated, we affirm Detweiler's conviction.

_____