# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-2323

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Ricardo Navarrete-Navarrete, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted:  May 15, 2008
Filed:  July 31, 2008

_____

Before RILEY, HANSEN, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Ricardo Navarrete-Navarrete (Navarrete) was convicted of possession with intent to distribute methamphetamine and conspiracy to do the same. See 21 U.S.C. §§ 841(a)(1), (b)(1), and 846.  After sentencing by the district court,[1] he filed a timely notice of appeal challenging the sufficiency of the evidence.  We affirm.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

## Background

During a controlled buy supervised by the Nebraska State Patrol, Ida Crawford purchased methamphetamine from Pascual Santana. Crawford, a confidential informant, testified that she waited while Santana left to retrieve the drugs. Santana's movements that day were tracked by Nebraska State Patrol Sergeant Kevin Ryan, who testified that while conducting aerial surveillance he watched Santana drive to Navarrete's house, enter, and then return to Crawford. Pursuant to a search warrant, the police searched Navarrete's residence later that day, finding a small amount of methamphetamine, eight pounds of MSM (a horse feed additive commonly used to increase the volume of methamphetamine), and a digital scale.

At trial, the Government introduced five witnesses – Andrew Dorothy, Keith Brooks, Alicia Landa, Heather Cronkhite, and Ryan Devine – who testified pursuant to plea agreements that Navarrete sold them methamphetamine in aggregate amounts ranging from ½ ounce to 8 pounds. They testified that Navarrete knew that they were selling the drugs he sold to them, and that the buyer would wait in either Navarrete's computer room or his shed while he retrieved the drugs to be sold. Further, they testified that he would "front" the drugs to them – providing the drugs on credit – receiving payment only after they had resold the drugs. Nebraska State Patrol Investigator Jamey Balthazor testified that "fronting" is consistent with drug distribution.

After a jury conviction on both counts, Navarrete was sentenced to 188 months in prison and 5 years of supervised release. On appeal, Navarrete argues that his Rule 29 motion for acquittal should have been granted because the evidence was insufficient to support a conviction. See Fed. R. Crim. P. 29.

## Sufficiency of the Evidence

From Navarrete's brief it is unclear whether he appeals both convictions or, alternatively, only the conspiracy conviction. Interpreting the brief generously, we analyze both counts for sufficiency of the evidence, which "[w]e review de novo . . . examining the evidence in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences. The verdict will not be disturbed unless no reasonable construction of the evidence will support the jury's verdict." United States v. Detweiler, 454 F.3d 775, 777 (8th Cir. 2006) (internal marks omitted). "It is axiomatic that we do not review questions involving the credibility of witnesses, but leave credibility questions to the jury." United States v. Montano, 506 F.3d 1128, 1133 (8th Cir. 2007) (internal marks omitted).

"To establish that a defendant conspired to distribute drugs under 21 U.S.C. § 846, the government must prove: (1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." United States v. Jiminez, 487 F.3d 1140, 1146 (8th Cir. 2007) (internal marks omitted). "The conspiracy's existence may be proved by direct or circumstantial evidence," United States v. Cain, 487 F.3d 1108, 1111 (8th Cir.) (internal marks omitted) cert. denied, 128 S. Ct. 648 (2007), and "[i]n this Circuit, a series of drug deals for resale can prove a conspiracy to distribute," United States v. Delpit, 94 F.3d 1134, 1152 (8th Cir. 1996).

The Government presented ample evidence to convict Navarrete. Five witnesses testified that Navarrete repeatedly sold them drugs with the sometimes tacit, sometimes express understanding that those drugs would then be resold. Evidence of this understanding is bolstered by witness testimony that Navarrete "fronted" the drugs. Navarrete's argument, such as it is, rests on credibility attacks leveled at the Government's witnesses. Specifically, Navarrete argues that much of the witness testimony was incredible since it was given pursuant to plea agreements. However,

-3-

"the fact that a witness may receive a reduced sentence in exchange for his testimony does not categorically make the testimony infirm." United States v. Jakoubek, 411 F.3d 951, 953 (8th Cir.) cert. denied, 546 U.S. 989 (2005). Rather, "[i]t is the sole province of the jury to weigh the credibility of a witness." United States v. Martinez, 958 F.2d 217, 218 (8th Cir. 1992). Finally, Navarrete argues that the MSM and the digital scale have plausible legal uses. Yet the jury was aware of these possible uses. Moreover, the Government introduced evidence independent of these two pieces of evidence, including methamphetamine found at Navarrete's residence, testimony that Navarrete repeatedly sold large quantities of the drug, and testimony that Santana went to Navarrete's house to procure drugs that were then sold to Crawford. The sufficiency challenge to the conspiracy conviction is denied.

Turning to Navarrete's challenge to his conviction for possession with intent to distribute, the two elements – possession and intent to distribute – are met. Possession can be actual or constructive, and "an individual has constructive possession of contraband if he has . . . dominion over the premises in which the contraband is concealed." United States v. Cruz, 285 F.3d 692, 697 (8th Cir. 2002) (internal marks omitted). The methamphetamine found at Navarrete's residence is sufficient to establish constructive possession. Regarding intent to distribute, that element can be shown by even "a small amount [of drugs], if bolstered by other evidence." Delpit, 94 F.3d at 1153. In this case, there was ample additional evidence, including the MSM, a scale, and witness testimony. The evidence is sufficient to support the verdict. Navarrete's arguments to the contrary, as stated above, are without merit.

Accordingly, we affirm the judgment of the district court.

_____